Shirley BROWN and Dorothy Black (Plaintiffs), and Almetta Ivey (Intervenor), individually and on behalf of all others similarly situated, Plaintiffs-Intervenors,

v.

ECKERD DRUGS, INC., a corporation, now merged with Jack Eckerds Corp., a corporation, and Eckerd's Providence, Inc. (Store # 4), a wholly owned subsidiary of Eckerd Drugs, Inc., now merged with Jack Eckerds Corp., Defendants.

No. C–C–76–146–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 2, 1983.

Michael A. Sheely, and Shelley Blum, Charlotte, N.C., for plaintiffs-intervenors.

J.W. Alexander, Jr., Blakeney, Alexander & Machen, Charlotte, N.C., and Austin F. Reed, Corporate Atty., Jack Eckerd Corp., Clearwater, Fla., for defendants.

## OPINION AND ORDER

McMILLAN, District Judge.

### BACKGROUND

On May 5, 1976, Shirley Brown and Dorothy Black filed suit against Eckerd Drugs, Inc., and its successors ("Eckerd") for race discrimination in its Mecklenburg County, North Carolina, facilities, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Brown alleged harassment and discharge, and Black alleged discharge, on the basis of race.

On May 24, 1977, a class was certified of (a) all blacks currently employed, (b) all blacks employed since January 18, 1975, but no longer employed, and (c) all black applicants for employment who were discriminated against by Eckerd through the company's employment practices in the area of hiring, promotion, termination, job assignment, and geographical assignment.

A five-day non-jury trial was conducted in April, 1978. On July 26, 1979, Almetta Ivey, a class member and a witness at trial, was allowed to intervene and was certified as a class representative on the basis of her claim of discriminatory demotion. Also on July 26, 1979, pursuant to *Hill v. Western Electric Co., Inc.,* 596 F.2d 99 (4th Cir.), *cert. denied,* 444 U.S. 929, 100 S.Ct. 271, 62 L.Ed.2d 186 (1979), the court modified the class to exclude all rejected black applicants for employment.

On October 30, 1979, the court entered findings of fact, conclusions of law, and a judgment. The court found that Brown and Ivey prevailed on their individual claims of discrimination and should be granted reinstatement and back pay. The court found that Black and six other class members who testified at trial did not prove their claims of discrimination by a preponderance of the evidence.

Also on October 30, 1979, the court further modified the class to cover all black employees, currently working for Eckerd or employed at some time since January 18, 1975, who have been discriminated against on the basis of race in promotion and transfer into management and supervisory positions. After hearing the evidence at trial, the court found discrimination against the class, as modified, but found no discrimination against the class in the company's practices relating to discharge, layoff, demotion, pay, or working conditions.

Defendants appealed. Defendants' request for a stay of the class proceedings was denied by the district court on February 6, 1980. On March 6, 1980, the court referred the claims of the class members to a special master. On April 14, 1980, the Fourth Circuit denied defendants' request for a stay of the class proceedings.

Defendants' appeal asserted several grounds, including (1) plaintiffs' lack of standing to bring the class claims; (2) insufficient proof of the individual claims of Brown and Ivey; and (3) improper intervention of Ivey.

On November 11, 1980, the Fourth Circuit Court of Appeals heard oral argument and, on October 21, 1981, the Court of Appeals upheld the district court's decision in all respects. *Brown v. Eckerd Drugs, Inc.,* 663 F.2d 1268 (4th Cir.1981). Request for rehearing and rehearing *en banc* were denied on December 16, 1981. 669 F.2d 913.

While the case was on appeal to the Fourth Circuit, notice was mailed to class members, claims were filed, and discovery of the class claims was completed. On August 31 and September 1–3, 1981, the special master, Jeffrey J. Davis, conducted hearings on the class claims. Of the twenty-two claims filed, the master recommended that Mary Smith, Gene Harris, Curtis Parker, and Charles Roseborough recover damages because they had been discriminated against by Eckerd on the basis of race in promotion or transfer to management or supervisory positions. The master recommended against the claims of eighteen other applicants.

On February 25, 1982, the court returned the class findings to the master to be reconsidered and redrafted in light of new authorities, including *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). On May 12, 1982, the court remanded the claim of Bobby Waiters to the master for reconsideration of the issue of discrimination. On reconsideration, the master found that the preponderance of the evidence supported a finding of discrimination against Bobby Waiters.

At no point did defendants object to the findings of the master that Eckerd discriminated against five of the claimants in promotion or transfer to management and supervisory positions.

On June 21, 1982, in *Eckerd Drugs, Inc. v. Brown,* 457 U.S. 1128, 102 S.Ct. 2952, 73 L.Ed.2d 1345 (1982), the Supreme Court vacated the Fourth Circuit decision in this case and remanded for reconsideration in light of *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The Fourth Circuit then vacated this court's judgment and remanded for such reconsideration. *Brown v. Eckerd Drugs, Inc.,* 712 F.2d 60 (4th Cir. 1982).

On September 20, 1982, the five class members who succeeded on their claims before the special master filed a motion asking the court for leave to intervene and requesting to be certified as class representatives. On the same date, the plaintiffs filed a motion requesting that the court recertify the class and reinstate the previous rulings of the court.

A hearing was held on October 12, 1982, on the questions presented by the remand in light of *Falcon.* After consideration of the briefs filed by both parties, and arguments of counsel, the court decides as follows:

## INDIVIDUAL CLAIMS OF BROWN AND IVEY

On October 30, 1979, this court found that plaintiff Brown and intervenor Ivey proved by a preponderance of the evidence that they had been discriminated against by Eckerd on the basis of race and that they were entitled to back pay and reinstatement. Defendants appealed those findings to the Fourth Circuit, which affirmed the result, and to the Supreme Court, which vacated and remanded the entire decision for reconsideration in light of *Falcon.* In *Falcon,* the Supreme Court was presented with an issue about the adequacy of a class representative; it was not presented and did not address any issue relating to sufficiency of evidence or allocation of burden of proof.

After reviewing the record, its memorandum of decision, the findings of fact, conclusions of law, and judgment, this court reaffirms its previous findings that plaintiff Brown and intervenor Ivey proved by a preponderance of the evidence that they were discriminated against by Eckerd on the basis of race. They are entitled to back pay and reinstatement.

Accordingly, the court re-enters its findings of fact, conclusions of law, and judgment with respect to the individual claims of Brown and Ivey. Also, the court reaffirms and readopts the findings and conclusions of the special master relating to plaintiff Shirley Brown's entitlement to back pay.

## INDIVIDUAL CLAIMS OF THE FIVE CLASS MEMBERS

While this case was on appeal, all the class claims were completely litigated.

In hearings before the special master on August 31 and September 1–3, 1981, Mary Smith, Gene Harris, Curtis Parker, Charles Roseborough, and Bobby Waiters proved by a preponderance of the evidence that they were discriminated against by Eckerd in promotion or transfer to management and supervisory positions. After the case was remanded by the Fourth Circuit Court of Appeals on August 31, 1982, these five persons filed a motion on September 20, 1982, asking leave to intervene as plaintiffs in this action.

F.R.Civ.P. 24(b) provides:

Upon timely application, anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The five applicants complain of the same discriminatory practice as do the plaintiffs and intervenor—the use of an unwritten, subjective decision-making process in the hands of an overwhelmingly white management/supervisory work force. Plaintiffs' claims of demotion and discharge and the applicants' claims of promotion and transfer involve the same legal and remedial questions generated from the common facts of a decision-making process that uses no written job descriptions, an irregular evaluation of job performance, subjective evaluation procedures and no posting of job vacancies.

Furthermore, if the applicants are not allowed to intervene in this suit, there is a substantial possibility that they will simply pursue their claims in new actions. In *Hill v. Western Electric Co.*, 672 F.2d 381 (4th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 318, 74 L.Ed.2d 294 (1982) (Hill II), the Court of Appeals notes that one factor in favor of allowing intervention on remand is where reinstatement of the findings and conclusions will conserve judicial resources and avoid the risk of inconsistent sequential adjudications on the same claims. 672 F.2d at 387.

No prejudice to the parties will result from allowing the five applicants to intervene. Defendants have been on notice from the filing of the complaint in May, 1976, of the potential classwide liability for discriminatory promotions and transfers. *Hill v. Western Electric Co., Inc.,* 672 F.2d at 386; *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 395, 97 S.Ct. 2464, 2470, 53 L.Ed.2d 423 (1977). Rather than delaying resolution of the controversy or interfering with the orderly processes of the court, allowing intervention will speed the final disposition of five claims which have already been completely litigated. The original plaintiffs and intervenor will not be adversely affected by the intervention of these five applicants.

Defendants argue that the motion to intervene is not timely. The critical issue with respect to timeliness is whether the motion was made as soon as it was clear that the interests of the unnamed class members would not be served by the named representatives. *Hill v. Western Electric Co., Inc.,* 672 F.2d at 386; *United Airlines, Inc. v. McDonald,* 432 U.S. at 394, 97 S.Ct. at 2469. The proposed intervenors were under no obligation to seek intervention until the named plaintiffs either failed actively to pursue the class interests or were foreclosed from representing the interests of the class. The plaintiffs actively and successfully pursued the class interests throughout this litigation. Until August 31, 1982, when the case was remanded for reconsideration in light of *Falcon,* there was no indication that the named plaintiffs might be foreclosed from representing the interests of the class. The motion to intervene was filed twenty days later, on September 20, 1982; twenty days is a reasonable time for filing. Certainly defendants have not been prejudiced by the time of filing because they have had time to brief and argue thoroughly the issue of intervention and because they have been on notice about the claims involved for seven years.

Nor can defendant complain that the proposed intervenors failed to exhaust Equal Employment Opportunity Commis-

sion (EEOC) administrative procedures. Both the original complaint and the proposed complaint in intervention allege that defendants' discriminatory practices violate both Title VII and 42 U.S.C. § 1981. Title VII does not replace, supplant, or limit § 1981 as a remedy for discrimination. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). Exhaustion of administrative remedies under Title VII is not required to bring an action under § 1981. *Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir.1976), *cert. denied,* 434 U.S. 968, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977); *Macklin v. Spector Freight Systems, Inc.,* 478 F.2d 979, 996–97 (D.C., Cir.1973); *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.,* 522 F.2d 1235, 1239 (7th Cir.1975), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976).

■ Moreover, the purpose of requiring individuals to file complaints with the EEOC is to give employers fair notice and an opportunity to resolve conflicts through administrative conciliation. *Hill v. Western Electric Co., Inc.,* 672 F.2d at 390, n. 6. Over seven years ago, plaintiff Brown and plaintiff Black filed charges which gave the defendants fair notice and an opportunity to conciliate charges of discriminatory promotion, hiring, job assignment, and geographic assignment practices. Defendant received an additional opportunity to resolve these claims on the administrative level when intervenor Ivey filed her charge on June 23, 1977. It is unnecessary for the proposed intervenors to have filed EEOC charges; the charges of the plaintiffs and the intervenor are sufficient to satisfy this jurisdictional prerequisite. *See Hill v. Western Electric Co., Inc.,* 672 F.2d at 390, n. 6 (In this case, the proposed intervenors' right to sue letters were issued prematurely. The Fourth Circuit Court of Appeals held that the jurisdictional concerns relating to the proposed intervenors were satisfied by the proper exhaustion of administrative remedies by the named plaintiffs. Although the named plaintiffs were found to be inappropriate representatives of the class, the Court of Appeals held that "premature issuance of right to sue letters to

the putative intervenors here would not, standing alone, preclude their intervention to prosecute individual or, as representatives, class claims."); *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496, 498 (5th Cir.1968) ("It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC."); *Wheeler v. American Home Products Corp. (Boyle-Midway Division),* 563 F.2d 1233, 1239 (5th Cir. 1977) ("If back pay may properly be awarded in a class action to members of the class who do not meet jurisdictional requisites, there seems no reason, in an action not a class action, to deny pay to intervenors who do not meet jurisdictional requisites.")

■ A final and related issue pertaining to the proposed intervenors is whether reinstatement of the findings, conclusions, and judgments concerning those persons is appropriate where the judgment has been vacated for possible absence of a proper class representative. Where a defect is jurisdictional, and does not infect the merits of the prior determination, it may be appropriate for the district court to reinstate the judgment once the defect has been cured. *Hill v. Western Electric Co., Inc.,* 672 F.2d at 388. Whether reinstatement is appropriate turns on three inquiries:

> ■ whether the new class representative desires or resists reinstatement [of the previous findings]; [2] whether the finding of inadequacy was based solely upon a formal lack of identity of interests and injury between the representatives and the class or upon demonstrated ineffectiveness of representation; [3] and, whether the party opposing the class will be unfairly prejudiced by the reinstatement.

672 F.2d at 388.

The proposed intervenors explicitly request that the previous findings of the court be reinstated. Further, since the intervenors succeeded on their claims originally, the basis for remand on the adequacy of class representatives can not be because of ineffective representation. Finally, defendants are not prejudiced by findings on

claims about which they have had notice for more than seven years. In fact, defendants have never filed *any* objection to the findings of the special master, as affirmed by this court, that the five proposed intervenors were discriminated against by Eckerd on the basis of race. Any defect from the lack of an appropriate class representative is, therefore, jurisdictional and by allowing intervention, the defect will be cured.

Accordingly, the motion of Mary Smith, Gene Harris, Curtis Parker, Charles Roseborough, and Bobby Waiters to intervene as plaintiffs in these proceedings is hereby allowed.

The court also reaffirms and readopts the findings of fact and conclusions of law of the special master relating to these five persons, as originally affirmed and adopted on May 12, 1982, and June 15, 1982.

### CLASS CERTIFICATION

■ On October 30, 1979, the court certified a class of all black employees, currently working for Eckerd or employed at some time since January 18, 1975, who have been discriminated against on the basis of race in promotion and transfer into management and supervisory positions. This court found that plaintiffs Brown and Black and intervenor Ivey (with claims of discriminatory discharge and demotion) were proper class representatives because they suffered a common injury with the class of denial of equal employment opportunity on the basis of race, and had a common interest in obtaining eradication of and compensation for discrimination.

Although the Fourth Circuit Court of Appeals did not address the issue whether Ivey was a proper representative, that Court affirmed the appropriateness of Brown and Black as class representatives because the named plaintiffs shared an interest with the class in eliminating discriminatory practices which polluted their working environment and threatened them with harm if they were reinstated. 663 F.2d at 1277.

The Supreme Court vacated and remanded this case for reconsideration in light of *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In *Falcon,* the Court held that a plaintiff with a *promotion* claim can not adequately represent a class of persons who *applied for employment* but were not hired, without a further showing of common questions of law and fact. That Court rejects the idea that a person who has suffered one instance of discriminatory treatment has automatic standing to bring an across-the-board attack on an employer's discriminatory policies. However, the Court also notes that a common question of law and fact is involved where discrimination manifests itself in different practices in the same general fashion, such as through an entirely subjective decision-making process. 102 S.Ct. at 2371, n. 15.

After careful consideration of *Falcon* and a review of the record and pleadings, this court concludes that the class was properly certified because the representatives' demotion and discharge claims and the class's promotion and transfer claims do present sufficient common questions of law and fact. Although the injuries are different, the discrimination involved in each practice is manifested in the same fashion—through an entirely subjective decision-making process in the hands of an overwhelmingly white management/supervisory work force. The decisions on promotion, transfer, demotion, and discharge were made by white supervisors without the aid of written job descriptions, regular performance evaluations, or written performance criteria. The decisions were not systematically reviewed and the supervisors' discretion was unfettered. The legal and remedial questions generated by the application of this subjective decision-making process are the same for the representatives and the class.

Moreover, litigation of this case as a class action preserved the resources of both the court and the parties; the claims of thirty-one individuals were tried in a total of nine days before the court and the special master. The speed with which the claims were tried was possible only because of the commonality between the claims of the plaintiffs and the class concerning the nature of the decision-making process and the dis-

criminatory animus motivating the defendants.

When the class was certified on October 30, 1979, it consisted of more than one hundred members each year; joinder was impractical. After the class proceedings were complete, five class members proved by a preponderance of the evidence that they were discriminated against by Eckerd on the basis of race. These five persons have moved to intervene as plaintiffs.

Class certification decisions must be made as soon as practicable after the commencement of the action. F.R.Civ.P. 23(c). When the class was finally certified on October 30, 1979, following trial but before class proceedings were begun, the certification of a class of all black employees who were discriminated against locally by Eckerd on the basis of race in promotions and transfers was appropriate. Brown, Black, and Ivey were proper representatives and joinder was impractical.

■ While this court reaffirms the correctness of its initial class certification decision, the decision about whether or not to recertify the class involves an additional consideration: the utility of the class mechanism at this point in the proceedings.

The five persons who proved they were discriminated against by defendants have moved to intervene; complete relief can be afforded these injured persons without the class mechanism. Moreover, the twenty-four persons, including plaintiff Black, who filed class claims and who did not prove they were discriminated against are easily identified and have joined the action by filing and trying their claims. Defendants can be protected from relitigation of those suits by re-entry of the findings, conclusions, and judgments which dismiss these persons' suits with prejudice. Finally, to the extent injunctive and declaratory relief is necessary to provide complete relief to the particular individuals who proved their claims, it will be readopted. Appropriate relief and protection can be afforded all parties in this litigation without recertification of the class.

Accordingly, the motion to recertify the class of all black employees, currently working for Eckerd or employed at some time since January 18, 1975, who have been discriminated against on the basis of race in promotion and transfer into management and supervisory positions is hereby DENIED. The motions of Mary Smith, Gene Harris, Curtis Parker, Charles Roseborough, and Bobby Waiters to be certified as class representatives are also DENIED.

The court also re-enters its findings of fact, conclusions of law, and judgment denying recovery by plaintiff Black and the six other individuals who testified at trial and who did not prove their claims and who are not entitled to relief.

Further, the court re-affirms and readopts the findings and conclusions of the special master relating to the seventeen persons who filed claims but who did not prove they were discriminated against on the basis of race.

### EFFECT OF CLASS CERTIFICATION ON INDIVIDUAL CLAIMS OF THE FIVE CLASS MEMBERS

■ The right of the five persons who proved they were discriminated against by Eckerd to recover damages does not depend on a decision to recertify the class. In *East Texas Motor Freight v. Rodriquez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), the Supreme Court notes:

> Obviously, *a different case would be presented if the District Court had certified a class and only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives.* In such a case, the class claims would have already been tried, and, provided the initial certification was proper and decertification not appropriate, the claims of the class members would not need to be destroyed because subsequent events or the proof at trial had undermined the named plaintiff's individual claims. See e.g. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 752–757, 96 S.Ct. 1251, 1258–61, 47 L.Ed.2d 444 (1976); *Moss v. Lane Co.*, 471 F.2d 853, 855–56 (4th Cir.1973).

431 U.S. 395, at 406, n. 12, 97 S.Ct. 1891, at 1898, n. 12, 52 L.Ed.2d 453 (emphasis added) (emphasized portion quoted with approval in *General Telephone Co. of the Southwest v. Falcon,* 102 S.Ct. at 2370).

Here, all the class claims have been tried. The initial certification was proper because sufficient common questions of law and fact were involved and the class was sufficiently numerous to make joinder impractical. Even if insufficient common questions are considered to exist after *Falcon,* initial certification was proper under the law at the time certification was approved. Before *Falcon,* several circuits, including this one, read the standing requirements of F.R. Civ.P. 23(a) to mean that sufficient common questions of fact and law are involved in employment discrimination class actions when the different factual claims arise out of the same legal or remedial theory. *Barnett v. W.T. Grant Co.,* 518 F.2d 543, 547–48 (4th Cir.1975); *Russell v. American Tobacco Co.,* 528 F.2d 357, 365 (4th Cir.1975); *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976); *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 831 (8th Cir.), *cert. denied,* 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977); *Gibson v. Local No. 40, Supercargoes and Checkers of the International Longshoremen's and Warehousemen Union,* 543 F.2d 1259, 1264 (9th Cir.1976); *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 340 (10th Cir.1975). An employee could bring a general challenge to discrimination in her workplace when she established a particularized claim of racial injury, both because of the peculiarly class nature of discrimination and the broad remedial purposes of Title VII. *Payne v. Travenol Laboratories, Inc.,* 565 F.2d 895, 900 (5th Cir.), *cert. denied,* 439 U.S. 835, 99 S.Ct. 118, 58 L.Ed.2d 131 (1978); *Senter v. General Motors Corp.,* 532 F.2d 511, 524 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976).

Because the class proceedings are complete and initial certification was appropriate, the claims of the five class members are not destroyed even if Brown, Black, and Ivey are considered inappropriate representatives after *Falcon.* The class proceedings were conducted by self-interested parties who vigorously advocated opposing po-sitions, insuring that the issues were sharply presented in a concrete factual setting. *Franks v. Bowman Transportation Co., Inc.,* 424 U.S. 747, 755, 96 S.Ct. 1251, 1259, 47 L.Ed.2d 444 (1976). At this time, the case is very much alive between the defendants and the five proposed intervenors, as indicated by the five individuals' readiness to come forward as named class representatives. *United States Parole Commission v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980). The five class members should not be penalized by being required to file new suits more than five years after the trial of the class issues simply because the class action standing law has evolved into something new in the interim.

Where the class claims have been completely tried and the issues are clearly alive between the parties, allowing the individuals who proved they were discriminated against to intervene will conserve judicial resources, avoid the risk of inconsistent adjudications, and speed final resolution of the controversy. There is a stronger case for allowing intervention in these circumstances than there is when class proceedings are not begun but the class representative is found inadequate and the class is held open for appropriate representatives to come forward. *See Goodman v. Schlesinger,* 584 F.2d 1325, 1333 (4th Cir.1978); *Moss v. Lane Co.,* 471 F.2d 853, 855–56 (4th Cir.1973); *Cox v. Babcock and Wilcox,* 471 F.2d 13 (4th Cir.1972).

Finally, even without recertification of the class, Brown, Ivey and the five intervenors are entitled to full relief, including any injunctive or declaratory relief that is necessary to remedy the effects of past discrimination and prevent like discrimination in the future. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418–422, 95 S.Ct. 2362, 2372–74, 45 L.Ed.2d 280 (1975); *United States v. City of Alexandria,* 614 F.2d 1358, 1364 (5th Cir.1980). Independent of the class finding, this court found a practice of discriminatory promotion and transfer to management and supervisory positions that is perpetuated through particular procedures, or lack thereof, employed by defend-

ants. *See, e.g.,* Findings of Fact 86–89, 94. The seven individuals who have proved they were discriminated against by Eckerd, and who remain subject to the discriminatory practice relating to promotion to management and supervisory positions, are entitled to be made whole.

\*　　\*　　\*

This case was remanded for reconsideration in light of *Falcon. Falcon* presents no issues of sufficiency of evidence or allocation of burden of proof. The Fourth Circuit Court of Appeals scrutinized this court's original findings and conclusions in the post hoc searchlight of *Burdine* and found them sufficient. Rather than expend resources rewriting and retyping findings which are correct, this court re-enters its original findings and conclusions in their entirety with the following modification: the class is not recertified and references to the class and class members contained therein are understood to refer to the class as properly certified on October 30, 1979.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion of Mary Smith, Gene Harris, Curtis Parker, Charles Roseborough, and Bobby Waiters to intervene as plaintiffs in these proceedings is ALLOWED.

2. Plaintiffs' motions to recertify the class is DENIED; the intervening plaintiffs' motion to be certified as class representatives is also DENIED.

3. The court re-enters its findings of fact and conclusions of law of October 30, 1979, with the modification described above.

4. The court also reaffirms and readopts the findings of the special master as originally affirmed and adopted on May 12, 1982 and June 15, 1982.

5. An appropriate judgment will be filed simultaneously herewith.