Mary **WORLDS**, etc., et al., **Plaintiffs,**

**Waymond Pollacks, et al.,**
**Movants–Appellants.**

v.

**DEPARTMENT OF HEALTH AND RE-HABILITATIVE SERVICES, STATE OF FLORIDA, Sunland Training Center at Marianna, Alvin Taylor, District Director, Department of Health and Rehabilitative Services, Tracy Clemons, Superintendent, Sunland Training Center at Marianna and Kenneth Stoutamire, Supervisor, Defendants–Appellees.**

No. 87–3382.

United States Court of Appeals,
Eleventh Circuit.

Feb. 15, 1991.

Kent Spriggs, Spriggs & Kidder, Talla-hassee, Fla., Julius Chambers, Ronald Ellis, NAACP Legal Defense and Educational Fund, Inc., New York City, for movants-appellants.

Bruce A. Minnick, Charles T. Collette, Steven M. Malone, Mang, Rett & Collette, P.A., Tallahassee, Fla., for defendants-appellees.

Before CLARK and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

**PER CURIAM:**

Appellant seeks to overturn the district court's order denying him intervention in a long-litigated employment discrimination suit against the state-run Sunland Training Center at Marianna, Florida. We hold that intervention was properly denied and dismiss this appeal for want of jurisdiction.

Appellant also raises claims concerning the propriety of the district court's determinations as to class decertification and certain evidentiary matters. We do not address these issues because, having concluded that it was proper for the district court to deny intervention, our jurisdiction vanishes under this circuit's anomalous jurisdiction rule.[1] Appellees have requested that this court sanction appellant for frivolously raising these additional claims. The law of intervention is by no means unclouded. Any prudent attorney would have raised these issues. We refuse to award sanctions.

Due to appellant's failure to specify the names of the other proposed intervenors in his notice of appeal from the district court's order denying intervention, we hold that the unnamed applicants have failed to perfect their appeal. The text of the notice of appeal, captioned "Proposed Intervenors' Notice of Appeal," reads as follows:

Proposed Intervenors, Waymond Pollocks, et al., herein give notice of their appeal to the Eleventh Circuit Court of Appeals of this Court's Order of April 24, 1987.

The Supreme Court has required that notices of appeal specify the parties appealing in order to satisfy Federal Rule of Appellate Procedure 3(c) ("Content of the Notice of Appeal."). In *Torres v. Oakland Scavenger Co.*,[2] the Court held that the use of the term "et al." was not sufficient to indicate that all appellants appealed the district court's dismissal of their com-

**1.** See *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir.1977) ("If we find that the district court's disposition of the petitions was correct, or within the ambit of its discretion, then our jurisdiction evaporates because the proper denial of leave to intervene is not a final decision, and we must dismiss these appeals for want of jurisdiction.").

**2.** 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

plaint.[3] Although some courts have drawn narrow exceptions to *Torres'* strict requirements,[4] appellant's case is firmly controlled by *Torres*.[5]

## I. BACKGROUND

Mary Worlds and other named plaintiffs filed a Title VII suit against Sunland Training Center in early 1977. They claimed that Sunland had systematically discriminated against minorities in terms of hiring and promotion. In 1982 the district court certified the case as a class action. Trial took place in three phases between April 1984 and March 1985. On March 20, 1985, following the conclusion of the plaintiffs' case, the district court decertified the class. The district court subsequently notified the former class members that it might allow them to intervene if they requested intervention by July 31, 1985. One hundred and fifty-five former class members, including appellant Pollocks, requested intervention by the deadline. On April 24, 1987, the district court denied the petition to intervene. On April 30, 1987, the proposed intervenors filed a separate employment discrimination suit in the district court.

## II. INTERVENTION

Under Federal Rule of Civil Procedure 24, parties may seek intervention of right[6] or by permission of the district court.[7] Appellant and the other 154 proposed intervenors sought intervention of right in the district court. Inexplicably, Pollocks appeals only the district court's decision not to grant permissive intervention. We will nevertheless discuss both modes of intervention in order to show that the district court acted appropriately in denying leave to intervene.

### A. *Intervention of Right*

■ A party seeking intervention of right is required to demonstrate that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit."[8] The district court found that appellant's application was timely but that he failed to satisfy the three other requirements. It based its decision on the fact that appellant did not have sufficient interests in the individual employment discrimination claims of the plaintiffs. From this, it also found that denial of appellant's motion would not impede his ability to protect his relatively small interests in the plaintiffs' claims and that those interests would be adequately represented. We hold that, although appellant does have interests relating to the employment discrimination ac-

---

3. 487 U.S. at 317–18, 108 S.Ct. at 2409.

4. *See Morales v. Pan Am. Life Ins. Co.,* 914 F.2d 83, 85 (5th Cir.1990) (describing fifth circuit's four exceptions).

5. *See Baylor v. HUD,* 913 F.2d 223, 224 (5th Cir.1990); *Minority Employees of the Tenn. Dep't of Employment Sec., Inc. v. Tennessee Dep't of Employment Sec.,* 901 F.2d 1327, 1331–36 (6th Cir.) (en banc), *cert. denied,* — U.S. —, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990); *Laidley v. McClain,* 914 F.2d 1386, 1388–89 (10th Cir.1990); *Cotton v. U.S. Pipe & Foundry Co.,* 856 F.2d 158, 161–62 (11th Cir.1988); *see also Minority Employees,* 901 F.2d at 1335 ("Plainly, after *Torres,* the safest way of securing an appeal is for the party or parties seeking to appeal to state in the *body* of the notice of appeal the name of each and every party taking the appeal." (emphasis in original)).

6. "Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2).

7. "Upon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(2).

8. *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir.1989) (citation omitted).

tion, the disposition of the plaintiffs' action will not frustrate appellant's attempts to protect his interests.

### 1. Appellant's Interests

In determining sufficiency of interest, this circuit requires that "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." [9] This interest has also been described as "a direct, substantial, legally protectable interest in the proceedings." [10] Appellant's interests are sufficient to meet this standard, as his interests are practically indistinguishable from those of the plaintiffs. The district court erroneously viewed appellant's request to intervene as a request to intervene into the *plaintiffs'* claims. Appellant was seeking instead to bring his *own* claims into the case for adjudication at the same time as those of the plaintiffs. This holding comports with the District of Columbia circuit's interpretation of the interest requirement of Rule 24: "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." [11] Faced with similar circumstances to those at issue, courts have found interest sufficient to justify intervention. The court in *Foster v. Gueory* [12] found adequate interest where three intervenors sought to enter an employment discrimination suit that had not been certified as a class action:

> Appellants are persons who allege that they have suffered injury from the same or very similar wrongful acts as those

complained of by the original plaintiffs, and appellants' claims for relief are founded on the same statutory rights as are the claims of the plaintiffs. While the individual acts of discrimination suffered by the plaintiffs and the appellants may differ, they each assert their claims as a result of the same 'significantly protectable interest' in being free of racial discrimination in employment. [13]

We likewise hold that the interests of appellant are sufficient to allow intervention of right.

### 2. Impairment of Appellant's Interests

Appellant's interests nevertheless would not be impaired by refusing intervention. On the contrary, appellant would be assisted in proving his claims of discrimination in a separate suit. In the plaintiffs' case, the district court has already excluded much of the plaintiffs' statistical evidence of discrimination for failure to authenticate. It seems that the district court decertified the class to protect the unnamed class members (including appellant) from suffering the res judicata effects of the plaintiffs' failure to prove their case. Because so much of the evidence that would be applicable to both appellant and the plaintiffs has already been rejected by the district court, there is little likelihood that *stare decisis* would leave appellant in a worse position if he is not allowed to intervene. As this court has recently remarked, "a potential *stare decisis* effect does not automatically supply the practical disadvantage warranting intervention." [14] Appellant will now

---

**9.** *Athens Lumber Co. v. Federal Election Comm'n,* 690 F.2d 1364, 1366 (11th Cir.1982).

**10.** *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *see also Panola Land Buying Ass'n v. Clark,* 844 F.2d 1506, 1509 (11th Cir.1988).

**11.** *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C.Cir. 1967).

**12.** 655 F.2d 1319 (D.C.Cir.1981).

**13.** *Id.* at 1324–25 (citation omitted); *see also Cook v. Boorstin,* 763 F.2d 1462, 1470 (D.C.Cir. 1985) ("Compared to the alternative of forcing [appellants] to bring separate civil actions, al-

lowing intervention by the thirty-one appellants seems fully consistent with, if not mandated by, concerns of judicial efficiency.").

**14.** *ManaSota–88 v. Tidwell,* 896 F.2d 1318, 1323 (11th Cir.1990). *But see Cook,* 763 F.2d at 1470 (interests of intervenors would be impaired where "it is possible that trial of plaintiffs' claims could result in a determination that certain statistical evidence, on which both the plaintiffs and the intervenors plan to rely, is inadmissible or insufficient as a matter of law."); *Foster,* 655 F.2d at 1325 ("It is a possibility that trial of plaintiffs' claims could result in a determination that certain of these practices as a matter of law do not violate either Title VII or § 1981. In that event, appellants' ability to pro-

have the opportunity to return to the district court in the separate suit and seek the introduction of sufficiently authenticated statistical and other evidence of discrimination.

### 3. Adequacy of Representation

Because appellant must meet all of the prerequisites to intervention of right, and appellant's ability to protect his interests would not be impaired by denial of intervention, it is unnecessary for us to determine whether appellant's interests are already adequately represented by the plaintiffs.

### B. *Intervention by Permission*

 The district court's decision to refuse permissive intervention may be overturned on appeal only after a showing of a clear abuse of discretion.[15] Professors Wright, Miller, and Kane have commented, "If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention."[16] The fifth circuit has accordingly held, "[W]hen asked to review a denial of permissive intervention, our task is not to determine whether the factors of Rule 24(b) were present, but is

rather to determine 'whether the trial court committed a clear abuse of discretion in denying the motion.'"[17]

The district court decided to deny permissive intervention because it could not "imagine a case in which intervention would result in greater delay or prejudice." Every proposed intervention necessarily involves some degree of delay, but we do not find that the district court's decision to deny the entry of such a large number of proposed intervenors on grounds of undue delay was outside of its discretion. Appellant argues strenuously that the district court erred in its assessment of the degree of delay by considering the total length of time—ten years—that had elapsed since the suit had been filed. But this court has held that, while such considerations must be excluded from the *threshold* determination of timeliness,[18] it is appropriate to consider the total passage of time in determining the ultimate question of permissive intervention.[19] We are bolstered in our conclusion that the district court did not abuse its discretion by the fact that appellant is one of the rejected intervenors who has filed a separate lawsuit, subsequent to the denial of intervention.[20]

### III. CONCLUSION

The district court correctly denied intervention, both of right and permissive. Appellant may well be better off in a suit

---

tect their interest could be impaired or impeded by the principle of *stare decisis.*").

**15.** *See Athens Lumber Co.,* 690 F.2d at 1367 (*citing cases*).

**16.** 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986) (footnotes omitted).

**17.** *Bush v. Viterna,* 740 F.2d 350, 359 (5th Cir. 1984) (quoting *Korioth v. Briscoe,* 523 F.2d 1271, 1278 (5th Cir.1975)).

**18.** *See Stallworth,* 558 F.2d at 266 (length of time since initiation of litigation irrelevant in determining timeliness).

**19.** *See id.* ("[W]hile the likelihood that intervention may interfere with orderly judicial processes may be considered by the district court in deciding whether to permit intervention under

section (b) of Rule 24, ... it has nothing to do with timeliness.").

**20.** "When an appellant has other adequate means of asserting its rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face." *Korioth,* 523 F.2d at 1279 n. 25 (citations omitted) (affirming denial of permissive intervention where appellant could bring new action); *see also Head v. Jellico Hous. Auth.,* 870 F.2d 1117, 1124–25 (6th Cir. 1989) (affirming denial of permissive intervention where appellant subsequently filed separate complaint). *But see Brown v. Eckerd Drugs, Inc.,* 564 F.Supp. 1440, 1444 (W.D.N.C.1983) (allowing permissive intervention on grounds of judicial economy in employment discrimination suit; "[I]f the applicants are not allowed to intervene in this suit, there is a substantial possibility that they will simply pursue their claims in new actions.").

separate from that of the plaintiffs; he will be able to form a new and stronger evidentiary basis for his claims of discrimination. Our jurisdiction is accordingly at an end.

DISMISSED.