[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2010
JOHN LEY
CLERK

_____

No. 09-13824

_____

D. C. Docket No. 06-00043-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL L. CONE, et al.,

Defendants,

CLEARGLASS, LLC,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2010)

Before EDMONDSON, HILL and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

ClearGlass, LLC ("ClearGlass") appeals from the district court's order vacating preliminary orders of forfeiture ("POF") that had become part of the final judgments entered in this criminal case against Michael and Joanne Cone. We conclude that ClearGlass--as a non-party petitioner from a vacated ancillary proceeding--has no standing to challenge the district court's vacatur order; therefore, we dismiss ClearGlass's appeal.


I.  BACKGROUND


Michael and Joanne Cone pleaded guilty to one count of conspiracy to commit bankruptcy fraud; Mr. Cone also pleaded guilty to two counts of bankruptcy fraud. In their plea agreements, the Cones consented to forfeit real properties located at 5032 and 5102 West Longfellow Avenue in Tampa, Florida (the "Longfellow properties"). The forfeited land was to satisfy or to satisfy partially a forfeiture money judgment against them for approximately $1.8 million.

The United States moved for preliminary orders of forfeiture against the

---

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Cones in 2008. After sentencing and entering the criminal judgment, the district court entered a preliminary order of forfeiture for each defendant and attached an order to each defendant's criminal judgment. Both forfeiture judgments gave notice to non-parties who may have had an interest in the Longfellow properties: pursuant to the criminal forfeiture statute, 21 U.S.C. section 853, any non-parties who claimed an interest were directed to file a petition with the district court to adjudicate the validity of the claimed interest in an ancillary proceeding. In July 2008, ClearGlass filed a Section 853(n) petition to claim an interest in the Longfellow properties.[1]

In June 2009, the United States changed its position and moved to vacate the preliminary orders of forfeiture for the Longfellow properties. The United States explained that it believed that this change in approach would result in a better distribution of the restitution proceeds among the victims of the Cones's fraud. At the same time, the United States argued that ClearGlass lacked standing to object to the government's motion to dismiss the POFs.

ClearGlass responded by filing a motion for summary judgment in the Section 853(n) proceeding. The motion contended that the district court should

---

[1] In 2006, St. Paul Fire and Marine Insurance Company ("St. Paul")--a victim of the Cones's fraud--obtained a state-court judgment against Mr. Cone for $25 million and later assigned to ClearGlass its right to receive restitution proceeds.

dismiss the petitions of various other Section 853(n) claimants for the Longfellow properties for failure to comply with statutory requirements. ClearGlass also filed responses opposing the government's motion to vacate the POFs. ClearGlass argued that the district court lacked jurisdiction to vacate the POFs.

The district court held a hearing to consider both its jurisdiction to issue, as well as ClearGlass's standing to challenge, the district court's order vacating the POFs. After this hearing, the district court granted the government's motion to vacate the POFs. The district court concluded that it had jurisdiction under Federal Rule of Criminal Procedure 32.2(e) to vacate POFs.[2] The district court also concluded that ClearGlass, in a criminal case in which it was neither a defendant nor the government, lacked standing to oppose the government's motion. Because the district court vacated the POFs, the district court denied as moot all the Section 853(n) petitions, including ClearGlass's.

## II. DISCUSSION

---

[2] We decide nothing today about whether the district court had authority under Federal Rule of Criminal Procedure 32.2(e) to vacate these POFs.

We review de novo questions about our subject matter jurisdiction, including standing. Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006). In addition, we review a district court's legal conclusions about non-party claims to criminally forfeited property de novo and its factual findings for clear error. United States v. Marion, 562 F.3d 1330, 1335 (11th Cir. 2009).

A.

This appeal arises out of preliminary orders of forfeiture, which, when entered by a district court,

> authorize[] the government to seize the specific property subject to forfeiture and to commence proceedings that comply with any statutes governing third-party rights. At sentencing, the order of forfeiture becomes final as to the defendant and is made a part of the sentence and included in the judgment.

United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002) (internal quotation marks and citation omitted). To protect non-party petitioners who may have an interest in the property subject to forfeiture, 21 U.S.C. section 853(n) and Federal Rule of Criminal Procedure 32.2 describe the procedures by which a non-party petitioner may assert its property interests in an ancillary proceeding before the forfeiture becomes final. These provisions confer limited rights upon non-party petitioners to participate only in the ancillary forfeiture proceeding, not in the criminal

5

case. Nowhere do the provisions grant petitioners a private cause of action or right to appeal a court's ruling outside of an ancillary forfeiture proceeding.

Section 853 affirmatively bars interference by non-party petitioners outside of the ancillary proceeding described in Section 853(n) and in Federal Rule of Criminal Procedure 32.2(c):

> Except as provided in subsection (n) of this section ["Third Party Interests"], no party claiming an interest in property subject to forfeiture under this section may (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k).

B.

This case is a criminal case between the Cones and the United States. Before the district court entered preliminary orders of forfeiture, ClearGlass had no right to participate in this criminal case at all. Once the district court entered preliminary orders of forfeiture as part of the Cones's final judgments, ClearGlass became temporarily involved in this case as a non-party petitioner in a Section 853(n) ancillary forfeiture proceeding designed to quiet title. When, on the

6

government's motion, the district court vacated the preliminary orders of forfeiture, the ancillary forfeiture proceeding ended--along with ClearGlass's right to be temporarily involved in some way in this criminal case. At no point during these proceedings was ClearGlass ever a principal in this criminal case. At no point during these proceedings did the district court enter any sort of judgment in favor of ClearGlass.

As a non-party petitioner from a vacated ancillary forfeiture proceeding, we conclude that ClearGlass lacks standing to challenge the district court's order--in this criminal case--vacating the POFs. Even if the district court's order vacating the POFs substantially diminished ClearGlass's prospects, in fact, of monetary recovery by effectively nullifying the ancillary forfeiture proceedings, this diminishment is merely a side effect of an adjustment in the judgment in the criminal case. The potential <u>monetary</u> injury constitutes no qualifying <u>legal</u> injury within the meaning of Article III that would allow ClearGlass to press its claim in this criminal case. <u>See</u> <u>Warth v. Seldin</u>, 95 S. Ct. 2197, 2206 (1975) ("The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing.") (internal quotation marks omitted). Because ClearGlass lacks standing, we must dismiss its appeal. <u>See</u> <u>United States v. Johnson</u>, 983 F.2d 216, 218 (11th Cir. 1993) ("Every litigant

7

must possess standing to sue in the United States courts.").

Given ClearGlass's lack of standing, we dismiss this appeal regardless of whether or not the district court possessed authority to vacate the preliminary orders of forfeiture. Lacking standing, ClearGlass has no ability to complain of jurisdictional defects in an order entered in the Cones's criminal case. See Mulhall v. UNITE HERE Local 355, 618 F.3d 1279, 1286 (11th Cir. 2010) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal; it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.") (internal quotation marks and citation omitted). Also because ClearGlass lacks standing, we decline to address arguments on whether ClearGlass possessed a valid legal interest in the Longfellow properties.

DISMISSED.