15-2884-cr
*United States v. ADP Federal Credit Union*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand sixteen.

PRESENT: RALPH K. WINTER,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

UNITED STATES OF AMERICA,

*Appellee,*

-v.- No. 15-2884

ROBERT EGAN, BERNARD MCGARRY,

*Defendants,*

ADP FEDERAL CREDIT UNION,

*Third-Party-Petitioner-Appellant.*

1

FOR APPELLANT:     JONATHAN M. PROMAN, New York, NY.

FOR APPELLEE:      ANDREW ADAMS, Assistant United States Attorney
(Margaret Garnett, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the opinion and orders of the District Court

are **AFFIRMED**.

ADP Federal Credit Union ("ADP") appeals from an August 13, 2015

opinion and order as well as an August 20, 2015 final order of forfeiture entered

by the United States District Court for the Southern District of New York

(Keenan, *J.*). These orders direct the forfeiture to the United States of roughly

123,000 shares of preferred stock in Metropolitan Bank Holding Corp. ("the

Shares") as substitute property held by Defendant Robert Egan. In an ancillary

proceeding pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal

Procedure 32.2, the District Court rejected ADP's argument that its judgment lien

on the shares entitled it to priority over the Government. We assume the parties'

familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

ADP contends that the Government's interest in substitute property does not vest until the entry of a final order of forfeiture—*i.e.*, one entered following the ancillary proceeding—and accordingly, ADP's judgment lien filed between entry of the preliminary order and entry of the final order gives it priority over the Government under § 853(n)(6)(A). This argument is wholly inconsistent with the statute. Section 853(p) provides that a court "shall order the forfeiture" of substitute property upon the Government's demonstration of the statutory factors. The entry of "an order of forfeiture" authorizes the Attorney General to take a number of actions, including seizure and disposition by sale of such property as she sees fit, subject to certain considerations and emergency restraint mechanisms. *See* § 853(g)–(i); *see also* Fed. R. Crim. P. 32.2(b)(3). Only "*following the entry of an order of forfeiture*" may third parties assert in an ancillary proceeding any legal interests they may possess. § 853(n)(1)–(2). Where a third party demonstrates that it meets the criteria for superior third-party interests, the court is required to "*amend* the order of forfeiture." § 853(n)(6); *see also* Fed. R. Crim. P. 32.2(c)(2).

3

The statute therefore contemplates that an order of forfeiture actually accomplishes the forfeiture of the defendant's interest in the contested property. The court must then allow third parties to assert any pre-existing legal interest in the forfeited property and must amend the order if that interest is proven by a preponderance of the evidence. But nothing about the statute suggests that the order of forfeiture entered before the ancillary proceeding (denoted as the "preliminary order" in Rule 32.2(b)(1)) does not actually effect the forfeiture of the substitute property. Accordingly, we conclude that the Government's interest in the property in question vests, at the very latest, upon entry of an order of forfeiture concerning that property, notwithstanding the fact that it is a "preliminary order" as identified by Rule 32.2(b).[1]

Next, ADP argues that entry of the preliminary order four days after the Government's motion—and thus ten days prior to expiration of the fourteen-day time to oppose provided by Local Rule 49.1—constitutes error and that, if the

---

[1] The district courts in our Circuit are divided as to whether the government's interest in substitute assets may in fact vest even prior to entry of the forfeiture order. *Compare United States v. Peterson*, 820 F. Supp. 2d 576, 585 (S.D.N.Y. 2011) (vests when grand jury indictment noticing forfeiture was returned), *with United States v. Kramer*, No. 06-cr-200, 2006 WL 3545026, at *6–8 (E.D.N.Y. Dec. 8, 2006) (vests when defendant is convicted), *with United States v. Jennings*, No. 98-cr-418, 2007 WL 1834651, at *4 (N.D.N.Y. June 15, 2007) (vests when order of forfeiture is entered). We need not determine this question, since ADP's filing of its judgment lien occurred after all of these dates.

4

preliminary order had been entered on the fifteenth day, its judgment lien would have priority. It is true that local rules "have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)); *accord Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) (per curiam). But time to file opposing papers is a procedural protection only for those parties entitled to respond to the motion, and the only harm in prematurely granting a motion is denying those parties an opportunity to be heard. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotation marks omitted)). By contrast, ADP is explicitly barred by the forfeiture statute from participating in the criminal action *other* than through the ancillary proceeding, which—as we have said—necessarily post-dates the entry of the forfeiture order. *See* § 853(k), (n); *see also United States v. Cone*, 627 F.3d 1356, 1358–59 (11th Cir. 2010). Accordingly, ADP suffered no injury to a right to respond, because it had no right to participate in the pre-ancillary-proceeding motion practice.[2] As such an injury is the only asserted

---

[2] ADP contends that, although it could not raise its own claims prior to the ancillary proceeding, it had a right to raise any challenge that Egan might have had to the preliminary order of forfeiture on the ground that the government had failed to meet its

ground for error, we cannot conclude that entry of the preliminary order after four days constitutes error. ADP's judgment lien thus post-dated entry of the preliminary order, by which point the Government's interest had already vested. Accordingly, the District Court properly concluded that ADP's interest in the property did not satisfy the criteria of § 853(n)(6)(A).

Finally, ADP asserts that its judgment against Egan should qualify it as a "bona fide purchaser" under § 853(n)(6)(B). This argument borders on frivolous. First, a judgment creditor is not a bona fide purchaser for value. *See United States v. BCCI Holdings, Lux., S.A.*, 69 F. Supp. 2d 36, 62 (D.D.C. 1999) (concluding a judgment lienholder "is not a bona fide purchaser of that property because he has given nothing of value in exchange for the property interest"). Second, the purchase must be of the specific "right, title, or interest in the property," § 853(n)(6)(B), and there is no indication that the contract ADP relies upon involved the Shares in any capacity. Third, at the time ADP gained whatever interest it possesses in the Shares—*i.e.*, "the time of purchase" under this (strained) reading of the subsection—the Shares had already been ordered forfeited and thus ADP cannot claim to have been "reasonably without cause to

---

burden to prove that the assets were subject to forfeiture. That argument is precluded by § 853(k)'s bar on third-party intervention in forfeiture proceedings.

6

believe the property was subject to forfeiture" as required by the statute. *Id*. The

District Court thus properly concluded that ADP did not satisfy the criteria

embodied in the bona fide purchaser exception.

We have considered all of ADP's arguments and find them to be without

merit. For the reasons stated above, the opinion and orders of the District Court

are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk