[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11852

_____

D. C. Docket No. 99-01612-CV-HS-M

M. H. FOX,
JENIECE CARROLL,
TERESA BROTHERS,
ANGELA HATCHETT,
SHARON MITCHELL,
THOMAS LEE WHITE,
AVA JOYNER,
JANET GARRETT,
WINFRED EARL,
PRINCESS BROWN,
PAMELA WOODWORTH,

Plaintiffs-Appellants,

CAROLYN B. ABLE, et al.,

Proposed Intervenors-Appellants,

versus

TYSON FOODS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 12, 2008)**

Before HULL and PRYOR, Circuit Judges, and MOORE,[*] District Judge.

PRYOR, Circuit Judge:

The main issue in this appeal is whether a district court must allow litigants to intervene in an action based only on a speculative concern about the stare decisis effect of a decision in that action. Petitioners, 161 employees or former employees of the Tyson Foods, Inc., plant in Blountsville, Alabama, appeal the denial of their motion to intervene in an action filed by M.H. Fox, an employee of the Tyson plant in Albertville, Alabama. The petitioners allege that Tyson violated the Fair Labor Standards Act by not compensating them for time spent donning and doffing—putting on, taking off, cleaning, and stowing—safety and sanitary gear. The petitioners make three arguments on appeal: (1) the district court clearly erred when it found that Tyson did not have a single, company-wide policy about compensation for donning and doffing; (2) the district court erred

---

[*] Honorable K. Michael Moore, U.S. District Judge for the Southern District of Florida, sitting by designation.

when it denied intervention of right; and (3) the district court abused its discretion when it denied permissive intervention. Because the district court did not err when it denied intervention of right and did not abuse its discretion when it denied permissive intervention, we dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

M.H. Fox was employed at a chicken processing plant owned by Tyson Foods in Albertville, Alabama. Fox and ten other employees from eight Tyson plants filed an action against Tyson on June 22, 1999. Their complaint challenged the failure of Tyson to compensate for time spent donning and doffing the safety and sanitary gear that employees must wear on the chicken processing line. The gear includes plastic sleeves, plastic aprons, smocks, rubber and cotton gloves, hairnets, earplugs, and, for employees who work with knives or scissors, mesh gloves and hard plastic arm guards. Employees must put on and sanitize the gear before their shifts; take off, clean, and stow the gear after their shifts; and put on and take off the gear at the beginning and end of breaks. Tyson calculates paid time for most employees with departmental time cards called "mastercards."

The employees moved to have the case certified as a collective action under the Fair Labor Standards Act, but the district court denied the motion and severed

the named plaintiffs' cases. The district court also dismissed without prejudice the claims of those who had filed consents to join the litigation.

On March 1, 2007, 161 employees or former employees of the Tyson plant in Blountsville, Alabama, whose claims had been dismissed without prejudice, moved to intervene in the Fox litigation. The district court denied their motion, and the petitioners filed this interlocutory appeal of the denial of their motion to intervene. The U.S. Department of Labor has filed a separate action against Tyson that involves compensation for donning and doffing at the Blountsville, Alabama, plant.

## II. STANDARD OF REVIEW

We review the denial of a motion to intervene of right de novo. Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1512 (11th Cir. 1996). We review subsidiary findings of fact for clear error. Clark v. Putnam County, 168 F.3d 458, 461 (11th Cir. 1999). We review a denial of permissive intervention for a clear abuse of discretion. Worlds v. Dep't of Health & Rehabilitative Servs., 929 F.2d 591, 595 (11th Cir. 1991) (per curiam).

## III. JURISDICTION

Although orders denying a motion to intervene are not final orders, under the "anomalous rule" we have "provisional jurisdiction to determine whether the

district court erroneously concluded that the appellants were not entitled to intervene as of right under [Federal Rule of Civil Procedure 24(a)], or clearly abused its discretion in denying their application for permissive intervention under [Rule 24(b)]." Stallworth v. Monsanto Co., 558 F.2d 257, 263 (5th Cir. 1977); see also EEOC v. E. Airlines, 736 F.2d 635, 637 (11th Cir. 1984). If the district court correctly concluded that the appellants were not entitled to intervene of right and did not clearly abuse its discretion when it denied permissive intervention, "our jurisdiction evaporates because the proper denial of leave to intervene is not a final decision." Stallworth, 558 F.2d at 263. If the district court erred when it denied intervention of right or clearly abused its discretion when it denied permissive intervention, we have jurisdiction to reverse the denial of the motion to intervene. Id.

## IV. DISCUSSION

Our opinion is divided in three parts. First, we address whether the district court clearly erred when it found that Tyson did not have a single company-wide policy about compensation for donning and doffing. Second, we address whether the district court erred when it denied intervention of right. Third, we address whether the district court clearly abused its discretion when it denied permissive intervention.

5

*A. The District Court Did Not Clearly Err When It Found That Tyson Did Not Have a Company-Wide Policy About Compensation for Donning and Doffing.*

When the district court denied the motion to intervene, either of right or permissively, the court relied in part on a factual finding from its denial of certification of a collective action, namely, that Tyson did not have a single, company-wide policy about compensation for donning and doffing. The petitioners argue that the finding was clearly erroneous. We disagree.

We may review the finding that Tyson did not have a single, company-wide policy even though it was originally made in the order that denied certification of a collective action, which is not under review in this appeal. Under the doctrine of pendent appellate jurisdiction, "a federal appellate court may address nonappealable orders if they are 'inextricably intertwined' with an appealable decision or if 'review of the former decision [is] necessary to ensure meaningful review of the latter.'" Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1335 (11th Cir. 1999) (quoting Swint v. Chambers County Comm'n, 514 U.S. 35, 51, 115 S. Ct. 1203, 1212 (1995)). For this appeal, a partial review of the collective action order is necessary to ensure meaningful review of the denial of intervention. This review is limited to the finding in the collective action order that Tyson did not have a company-wide policy, because the district court relied on only that

portion of the collective action order when it denied the motion to intervene. We do not have jurisdiction to consider the petitioners' arguments that the collective action order ignored the continuous workday rule, that the plaintiffs should not have been required to prove individual claims with precision, and that a single plan is not a prerequisite for a collective action.

The district court did not clearly err when it found that Tyson did not have a single, company-wide policy about compensation for donning and doffing. The record contains substantial evidence that compensation for donning and doffing varied both among and within Tyson plants. Alison Maria Hayes, a group leader at the Wilkesboro, North Carolina, plant, for example, testified that "team members on the line get a few extra paid minutes each day" for donning and doffing. Theresa Grigsby, a supervisor at the Vicksburg, Mississippi, plant, testified that team members at her plant receive five minutes of paid time during breaks to account for time spent changing clothes and washing. Earnesto Felipe Ford, a supervisor at the Cleveland plant, testified that he allowed "team members [an] extra five to eight minutes each morning for dressing time."

The method of recording time worked also varies both among and within plants, and this variation causes even more disparities in compensation for donning and doffing among individual employees. In some departments and on

some production lines, all employees report to their workstations at the same time and leave their workstations at the end of mastercard time. Other departments or lines employ a staggered system in which team members arrive and leave at different times. This practice allows some employees to leave before the mastercard is punched, while others do not leave until the mastercard is punched. Director of Labor Relations Tim McCoy testified, "Tyson uses several different methods to ensure that employees are properly paid for all the time they work. The method used depends upon the plant, department, position, and shift." In the light of this substantial evidence, the district court did not clearly err when it determined that Tyson did not have a single, company-wide policy about compensation for donning and doffing.

B. *The District Court Did Not Err When It Denied Intervention of Right.*

Intervention of right is governed by Federal Rule of Civil Procedure 24(a), which "continues to set bounds that must be observed. The original parties have an interest in the prompt disposition of their controversy and the public also has an interest in efficient disposition of court business." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1904, at 270 (3d ed. 2007). To intervene of right under Rule 24(a)(2), a party must establish that "(1) his application to intervene is timely; (2) he has an interest relating to the

8

property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing Athens Lumber Co. v. FEC, 690 F.2d 1364, 1366 (11th Cir. 1982)).

The petitioners present two arguments that the district court erred when it denied their intervention of right. The petitioners first argue that Armstrong v. Martin Marietta Corp., 138 F.3d 1374 (11th Cir. 1998) (en banc), grants the right to intervene as a means of preserving the tolling of the limitations period after collective certification is denied. The petitioners also argue that the district court erred when it ruled that disposition of the action would not impair their ability to protect their interests. We reject both arguments.

First, the petitioners argue that Armstrong grants opt-in plaintiffs the right to intervene as a means of preserving the tolling of the limitations period after collective certification is denied, but the petitioners' reliance on Armstrong is misplaced. Armstrong states the unremarkable observation that the statute of limitations begins to run when the district court enters the interlocutory order denying class certification:

We therefore conclude that the pendency of a class action tolls the applicable statute of limitations only until the district court makes a class certification decision. If class certification is denied in whole or in part, the statute of limitations begins to run again as to those putative class members who were excluded from the class. In order to protect their rights, such individuals must seek to intervene in the pending action . . . , or file a separate individual action . . . before the time remaining in the limitations period expires. If the dismissed class member takes no such action within the remainder of the limitations period, then he may neither file a suit in his own name nor intervene in the already-pending action. In such a situation, the dismissed class member's only avenue of relief is to wait until the pending action reaches final judgment, and then . . . file a timely motion to intervene for the limited purpose of appealing the district court's class certification decision.

Id. at 1391 (emphasis added). Armstrong does not suggest that the dismissed class members have a right to intervene. It states only that, to pursue their claim, the dismissed class members must seek to intervene or file a separate action. Id.

Second, the petitioners rely on our statement in Stone v. First Union Corp. that "the potential for a negative stare decisis effect 'may supply that practical disadvantage which warrants intervention of right.'" 371 F.3d 1305, 1309–10 (11th Cir. 2004) (quoting Chiles, 865 F.2d at 1214) (emphasis omitted). In Stone, the branch manager of a bank sued her employer for age discrimination. Id. at 1307. She alleged that the bank had instituted a plan under which older employees were to be demoted or subjected to other adverse employment actions. Id. The other employees who were injured by the policy were decertified as a class

10

because they had different jobs and a variety of claims. Id. These employees then sought to intervene. Id. at 1308. We held that disposition of the action might, as a practical matter, impair the employees' ability to protect their interests because disposition of the action might lead to a negative stare decisis effect. Id. at 1309–10. The branch manager and the employees who sought to intervene challenged a single policy that the bank applied to multiple employees, and an adverse ruling on whether the policy violated the Age Discrimination in Employment Act would have influenced significantly the resolution of that question in a later action. Id. at 1310.

The petitioners' motion is distinguishable. Fox and the petitioners who seek to intervene in this action, in contrast with the employees in Stone, do not challenge a single, company-wide policy about compensation for donning and doffing. Decisions about compensation were made on a plant-by-plant, department-by-department, and even line-by-line basis. Tyson Director of Labor Relations Tim McCoy testified that there also was significant variation regarding the protective clothing requirements at Tyson plants:

> With few exceptions, there is no centralized, corporate policy at Tyson regarding what sanitary and protective clothing items must be worn by employees. . . . Tyson has general corporate policies that require a safe and sanitary production area. Each plant decides what clothing items will be needed to ensure sanitary and safe conditions

> are maintained. These generalized policies provide local managers with significant discretion to interpret and tailor clothing requirements to the plant's specific production process and facility. Furthermore, different plants offer different optional clothing that employees may choose to wear.

Because Tyson did not have company-wide policies about either compensation or protective equipment, any resolution of Fox's case would not likely have even a stare decisis effect on a later action by the petitioners.

To the extent that a ruling in Fox's case might have a persuasive effect on later actions by the petitioners, the effect would be insufficient to supply the necessary practical impediment. The petitioners argue that a stare decisis effect will be created by the arguments of Tyson that the donning and doffing is de minimis and that it acted in good faith, and by findings of fact relevant to all claims arising from Tyson plants. Although these aspects of the Fox litigation could result in some persuasive stare decisis effect, the effect would be, at most, minimal. "[A] potential stare decisis effect does not automatically supply the practical disadvantage warranting intervention." ManaSota-88, Inc. v. Tidwell, 896 F.2d 1318, 1323 (11th Cir. 1990).

The petitioners also argue that disposition of the action would, as a practical matter, impair their ability to protect their interest because a federal statute, 29 U.S.C. § 216(b)–(c), prevents them from filing an independent action, but this

argument fails. Section 216(b)–(c) prevents employees from filing an independent action after the Secretary of Labor has filed an action on their behalf. Id. Because the Secretary of Labor filed an action on behalf of the employees at the Blountsville plant, the petitioners cannot file a separate action for the period after May 9, 2000. Section 216(b)–(c) does not bar an independent action for the period before May 9, 2000, and the employees are already represented by the Secretary of Labor for the period after May 9, 2000.

*C. The District Court Did Not Clearly Abuse Its Discretion When It Denied Permissive Intervention.*

The petitioners also argue that the district court abused its discretion by denying permissive intervention, but we disagree. In Worlds v. Department of Health & Rehabilitative Services, we affirmed the denial of permissive intervention because the addition of 155 parties would have created undue delay and 10 years had already passed since the suit was filed. 929 F.2d at 593, 595. The same logic applies here. The district court did not clearly abuse its discretion when it denied permissive intervention because this action was filed several years earlier and Tyson would need at least an additional year to depose the 161 petitioners.

## V.  CONCLUSION

Because the district court neither erred in denying intervention of right nor clearly abused its discretion in denying permissive intervention, we lack jurisdiction over this matter, and this appeal is

**DISMISSED**.