13-1265-cv
Morris v. Affinity Health Plan, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand fourteen.

PRESENT:   REENA RAGGI,
           DENNY CHIN,
           SUSAN L. CARNEY,
                     *Circuit Judges*.
------------------------------------------------------------------------
KIM MORRIS, on behalf of herself and all others similarly situated, MARINA SOVYAK-UKOLOVA,
                     *Plaintiffs-Appellants,*

MELISSA ADLIN and JORGE GUADRON, on behalf of themselves and all others similarly situated, MONIQUE MYERS,
                     *Plaintiffs,*

                     v.                                    No. 13-1265-cv

AFFINITY HEALTH PLAN, INC.,
                     *Defendant-Appellee.*[*]
------------------------------------------------------------------------

[*] The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLANTS:    ROBERT WISNIEWSKI, ESQ., New York, New York; Albert Adam Breud, II, Esq., Commack, New York.

APPEARING FOR APPELLEE:    JONATHAN M. KOZAK, Jackson Lewis, LLP, White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 15, 2013, is AFFIRMED.

Kim Morris and Marina Sovyak-Ukolova, opt-out plaintiffs in a now settled collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and class action under New York Labor Law ("NYLL") § 650 et seq., appeal from the denial of their motion to amend the original complaint to add their individual claims. We review a district court's denial of leave to amend for abuse of discretion. See Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 198 (2d Cir. 2013). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

As the district court correctly observed, plaintiffs' motion effectively asserts that they should be allowed to bring individual claims in a settled action from which they sought to be excluded entirely. Like the district court, we conclude that such efforts are precluded by the Joint Stipulation of Settlement and Release in the case at issue. That

2

settlement document states that "Defendant has agreed to settle the Litigation," J.A. 76 (emphasis added), with "Litigation" defined as the entire pending action, see id. at 78 (defining "Litigation" to mean "Morris, et al. v. Affinity Health Plan, Inc., 09 CV 1932, pending in the United States District Court for the Southern District of New York"). This signals the parties' intent not to pursue further any of the claims in that action. Moreover, the settlement payment formula in the settlement document supports the conclusion that the parties intended to resolve the FLSA as well as the NYLL claims. Specifically, the settlement payment formula awards an additional "point" to class members who opted-in to the collective action for the purpose of calculating each class member's share of the settlement payment. See id. at 85–86. Indeed, the class notice states in bold type: "If you were employed by Affinity Health Plan, Inc. as a Marketing Representative or Marketing Specialist at any time between March 3, 2003, and April 15, 2011, you could receive a payment from a class and collective action settlement." Id. at 95 (emphasis added).

In urging otherwise, opt-out plaintiffs contend that the district court provided no explanation as to how the class settlement could resolve FLSA claims, given that Fed. R. Civ. P. 23 does not govern FLSA actions. But just as this action is a hybrid suit containing both a class action and a collective action, see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 247–49 (2d Cir. 2011) (approving of such hybrid suits), this settlement too was a hybrid. Thus, the fact that the settlement resolved the NYLL claims through

3

Rule 23 in no way diminishes the fact that a collective action is a representative action, which its representatives may also settle.  See 29 U.S.C. § 216(b) (authorizing aggrieved employee to bring action on behalf of himself and "other employees similarly situated"); Myers v. Hertz Corp., 624 F.3d 537, 542 (2d Cir. 2010) (describing FLSA collective actions as "representative actions").  The named plaintiffs here had authority to—and did—settle both types of claims in one agreement, thereby ending the lawsuit at issue in its entirety.

Plaintiffs nevertheless maintain that they did not opt-out of the FLSA collective action because the opt-out mechanism is not a feature of the FLSA's collective action regime, but rather a feature of Rule 23 class actions.  See Hecht v. United Collection Bureau, Inc., 691 F.3d 218, 222 (2d Cir. 2012) (stating that Rule 23 protects absent class members' "due process right to notice and an opportunity to opt out of class litigation when the action is predominantly for money damages") (internal quotation marks omitted).  Accordingly, plaintiffs contend that exercise of their opt-out rights pertained only to NYLL class claims, not the FLSA collective action to which they had previously opted-in.[1]

---

[1] Plaintiffs' brief argues also that this court should reverse the district court's implicit decision not to permit those who opted-out of the settlement and failed to opt-in to the collective action to join the action pursuant to Fed. R. Civ. P. 19, 20, and 21.  In light of our decision affirming the district court's denial of leave to amend, this argument is moot, and, even were it not, we would not decide this issue in the first instance.

We are not persuaded. First, the record indicates that the collective action's representatives settled the FLSA claim on behalf of all those who opted-in to the collective action. Thus, when the district court approved settlement, there was no remaining FLSA collective action claim for plaintiffs to pursue, and the case was appropriately dismissed in its entirety. Cf. Myers v. Hertz Corp., 624 F.3d at 555 (stating that if court decertifies collective action "the opt-in plaintiffs' claims may be dismissed without prejudice"); Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1301 (11th Cir. 2008) (affirming decertification of FLSA collective action, dismissing opt-in plaintiffs, and severing named plaintiffs actions).[2] Indeed, if plaintiffs were correct that they opted-out of the class action but remained in the collective action, they would arguably be bound by the FLSA part of the settlement, a position neither party advances and which contradicts the release terms of the settlement. As such, plaintiffs' decision to opt-out of the settlement can only reasonably be construed as a decision to opt-out of both the collective and class actions that it resolved.

Plaintiffs emphasize that the settlement notice to the class stated that, "[i]f you exclude yourself from this settlement, you may sue, continue to sue, or be part of a different lawsuit against [Affinity Health Plan, Inc.] regarding these same issues." J.A. 98 (emphasis added). The highlighted language cannot, however, be construed to mean that

---

[2] Although Morris is a named plaintiff, her claims here were appropriately dismissed because, unlike in Fox v. Tyson Foods, Inc., where the collective action claims reverted to individual claims upon decertification, the collective action here was resolved.

5

opt-out plaintiffs could "continue to sue" in the settled action, particularly in light of the settlement's unambiguous language resolving the entire litigation. Finally, we note that in denying plaintiffs' leave to amend, the district court acknowledged that plaintiffs "may have their FLSA and/or state law claims adjudicated by filing a new suit." Morris v. Affinity Health Plan, Inc., 928 F. Supp. 2d 805, 811 (S.D.N.Y. 2013).[3]

Accordingly, we conclude that the district court acted well within its discretion when, in light of the settlement that resolved all class and collective claims, it denied leave to amend the dismissed complaint.[4]

We have considered the remainder of the plaintiffs' claims and consider them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Plaintiffs also argue that their NYLL claims are timely because they relate back to the filing of the original complaint. Because the district court did not rule on this issue, we express no opinion on its merits.

[4] Because we conclude that the settlement resolved both the class action and collective action claims alleged in the amended complaint, we need not resolve the parties' disagreement as to whether a plaintiff may opt-out of a class action and nonetheless remain part of a collective action that survives judgment on the class action. That is not this case.