[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16466
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00093-JRH-GRS

RAY CAPITAL INC.,
OPPENHEIM CAPITAL LIMITED,
CHEYENNE HOLDINGS LTD,
LABROY SHIPTRADE LIMITED,

Plaintiffs-Appellees,

versus

M/V NEWLEAD CASTELLANO,
IMO No. 9686338 Her Engines, Tackle,
Equipment, Furniture, Appurtenances,
etc. In Rem, et al.,

Defendants,

DHL PROJECT & CHARTERING LIMITED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 30, 2017)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Various creditors brought this action in rem against the M/V Newlead Castellano — a ship off the coast of Georgia — and several entities that allegedly own the M/V Newlead Castellano, including Newlead Castellano Ltd.  In an unrelated lawsuit, which we will call the "DHL lawsuit," DHL Project & Chartering Limited attached the M/V Newlead Castellano under Federal Rules of Civil Procedure Supplemental Rule B.  DHL then attempted to intervene in the present case based on that attachment.  See Fed. R. Civ. P. 24.  The district court denied DHL's motion to intervene, and DHL appeals.[1]

In the time since DHL filed its notice of appeal, there have been developments in the DHL lawsuit that may bear on DHL's right to intervene in this case.  First, in the DHL lawsuit the district court vacated DHL's attachment of the M/V Newlead Castellano.  DHL has a filed a motion for reconsideration of that vacatur based on post-vacatur developments in yet another case.  Second, DHL filed a motion for entry of final judgment in the DHL lawsuit; in that motion it stated that it had reached a settlement with Newlead Castellano Ltd.  The district

---

[1] A denial of a motion to intervene is not a final order, but this Court has "provisional jurisdiction" to determine whether the denial was in error.  Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1301 (11th Cir. 2008).

2

court has not yet ruled on DHL's motion to reconsider the vacatur of the attachment or DHL's motion to enter final judgment.

In addition, in the present case the district court granted the plaintiffs' motion for summary judgment, and DHL has moved the court to reconsider its denial of DHL's motion to intervene in the present case. In short, a lot has happened since the district court entered the order that is now before us.

We think the best course is for the district court to take another look at its denial of DHL's motion to intervene in view of all that has happened since it ruled on that motion. Because the same district court judge is hearing both cases, he is in a good position to determine which of the motions pending before him — in both the DHL lawsuit and the current case — should be decided in which order and how they should be decided. So we vacate the order denying DHL's motion to intervene and remand the case to the district court to proceed as it sees fit in light of the current status of the case. In doing so, we imply no view on how the motion to intervene should be decided.

**VACATED AND REMANDED.**