[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14745
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00758-JA-GJK

PALAXAR GROUP LLC,
a Virginia Limited Liability
Company,
PALAXAR HOLDINGS LLC,
a Virginia Limited Liability
Company,

                                             Plaintiffs - Appellees,

versus

SHANE WILLIAMS, et al.,

                                             Defendants,

ROY KOBERT,
TODD NORMAN,
NICOLETTE VILMOS,
BROAD AND CASSELL, P.A.,

                                             Defendants-Appellees,

CHARLES T. RAHN,

                                             Interested Party - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 25, 2017)

Before JORDAN, JULIE CARNES and, JILL PRYOR, Circuit Judges.

PER CURIAM:

Frank Amodeo, through his guardian, appeals the district court's denial of his motion to intervene and for appointment of counsel.[1]

Mr. Amodeo maintains that the district court erred in concluding it had subject-matter jurisdiction over the underlying litigation, and, in the alternative, that the court erred by not granting his motion to intervene. Upon review, we agree with the district court, and dismiss for want of jurisdiction. *See Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008) (explaining that we have "provisional jurisdiction" to determine whether a district court properly rejected a motion to intervene, and that if its decision was correct, "our jurisdiction evaporates because the proper denial of leave to intervene is not a final decision") (citations and quotation marks omitted).

---

[1] Although Mr. Amodeo and others raise additional arguments, we stick to arguments raised below. Generally, as here, we will not consider an argument raised for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (citations omitted).

The district court correctly held it had jurisdiction because Mr. Amodeo attempted to intervene in a litigation that "relates to" to a bankruptcy case filed under Title 11 of the Bankruptcy Code. *See, e.g.*, *In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995) ("Title 28, section 1334(b) creates federal jurisdiction over 'civil proceedings 'arising under' title 11 or 'arising in' or 'related to' a case under title 11.'") (citation omitted). Mr. Amodeo moved to intervene in a litigation where two plaintiffs sued 25 defendants who allegedly conspired to injure them through a Chapter 11 bankruptcy filed and administered in bad faith. This litigation thus patently takes aim at, and therefore "relates to," the validity and resolution of the underlying Chapter 11 bankruptcy. *See Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) ("a civil proceeding is related to bankruptcy [when] the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy . . . [a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate") (citation omitted).[2]

Mr. Amodeo contends this is beside the point, because the plaintiffs waived subject-matter jurisdiction by not raising it in their complaint. *See* Appellant's Br. at 9. And he claims that, in any event, the district court failed to comply with the

---

[2] Mr. Amodeo wrongly contends the district court relied on the *Barton* doctrine, *see Barton v. Barbour*, 104 U.S. 126 (1881), to establish jurisdiction over the case. *See* Appellant's Br. at 5.

3

*Barton* doctrine by not dismissing the suit because defendants were debtors or affiliates in the related Chapter 11 bankruptcy proceeding. *See* Appellant's Br. at 10. We disagree. First, it is axiomatic that subject matter jurisdiction cannot be waived. *See In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1328 (11th Cir. 2016) ("Subject-matter jurisdiction properly comprehended . . . refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived.") (citation omitted). Second, the district court performed an extensive analysis of the *Barton* doctrine, and in fact did dismiss claims against certain defendants under the doctrine. *See* Amended Order, D.E. 259 at 1–11. Mr. Amodeo fails to explain, and we cannot see how, the remaining defendants should also be dismissed. *See Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir. 2009) (explaining that the *Barton* doctrine applies to trustees and other officers appointed or approved by the bankruptcy court).

We also conclude the district court correctly denied Mr. Amodeo's motion to intervene. In his motion, Mr. Amodeo asserted that the district court reopened his criminal case and returned possession of AQMI Strategy Corporation after the court previously divested his interest in the company through a criminal forfeiture order. *See* Motion to Intervene and for Appointment of Counsel, D.E. 248 at 1–7. [3]

---

[3] As noted, we only address the narrow argument Mr. Amodeo made in his motion to intervene. He did not, as he now argues on appeal, premise his right to intervene on alleged privity between

4

Mr. Amodeo argued that intervention was permissible because of his ownership in AQMI, which was one of the 25 defendants sued in the underlying litigation. But his view of the record is inaccurate. The government did not return its interest in AQMI to Mr. Amodeo; instead, the government relinquished its ownership interest after AQMI was sued. *See* Order Denying Motion to Intervene, D.E. 318 at 2–3. A previous panel of this court recognized as much, and we have no basis or reason to reach a different conclusion. *See United States v. Amodeo*, No. 09-16170 (11th Cir. Mar. 26, 2010) ("The district court's October 2, 2018, preliminary order of forfeiture fully and finally resolved all of Frank Amodeo's interests in the properties referenced in the November 18, 2009, final forfeiture order.").[4]

Accordingly, because the district court correctly denied the motion to intervene (and for appointment of counsel), "our jurisdiction evaporates because the proper denial of leave to intervene is not a final decision[.]" *E.E.O.C. v. E. Airlines, Inc.*, 736 F.2d 635, 637 (11th Cir. 1984).

**APPEAL DISMISSED FOR LACK OF JURISDICTION**.

---

himself and the corporation. *Compare* Appellant's Br. at 6 *with* Motion to Intervene, D.E. 248 at 1–7.

[4] The district court granted the government's motion to vacate the final order of forfeiture in Mr. Amodeo's criminal case. *See* Order Vacating Final Forfeiture Order, D.E. 208. But the preliminary forfeiture order, which divested Mr. Amodeo of his ownership interest, was never disturbed.

5