[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12160

Non-Argument Calendar

_____

JOHN BURKE,
JOANNA BURKE,

Interested Parties-Appellants,

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff-Appellee,

*versus*

OCWEN FINANCIAL CORPORATION,
a Florida corporation,
OCWEN LOAN SERVICING LLC,
a Delaware limited liability company,
OCWEN MORTGAGE SERVICING INC.,
a U. S. Virgin Islands corporation,

2                    Opinion of the Court                    21-12160

PHH MORTGAGE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:17-cv-80495-KAM

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

John and Joanna Burke, *pro se*, appeal the denial of their renewed motion to intervene and their motion for reconsideration and for Judge Kenneth Marra's recusal. The Burkes raise two issues on appeal. First, they argue that the district court erred by finding that it lacked jurisdiction to entertain their renewed motion to intervene because it was brought after the Consumer Financial Protection Bureau filed its notice of appeal. Second, they argue that the district court abused its discretion by denying their motion to recuse.[1]

---

[1] We review de novo questions about the district court's jurisdiction. *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (per curiam). Regarding our jurisdiction, the so-called "anomalous rule" gives us provisional jurisdiction to determine whether the district court erroneously denied leave

## I

The district court held that it lacked jurisdiction to decide the Burkes' motion to intervene because the CFPB had filed a notice of appeal in the underlying case. Filing a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). But the district court retains jurisdiction over collateral matters that are separate and distinct from the questions presented on appeal. *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 & n.4 (11th Cir. 1999) (explaining that *res judicata* and waiver defenses were separate and distinct from the merits of employment discrimination claims).

Here, the district court erred by concluding that the CFPB's notice of appeal divested it of jurisdiction over the Burkes' renewed motion to intervene. The CFPB's appeal relates to whether its suit against Ocwen was barred by an earlier consent judgment between those two parties. By contrast, the Burkes' motion sought to intervene in the suit between the CFPB and Ocwen so that they could acquire certain documents. The issues presented by the Burkes in

---

to intervene. *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 214 (11th Cir. 1993). We review de novo the denial of a motion to intervene as of right and for "clear abuse of discretion" the denial of permissive intervention. *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008). We may affirm the judgment of the district court on any ground supported by the record, even if the district court did not consider or rely on that ground in its ruling. *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

their motion for intervention were collateral to those presented in the CFPB's appeal. Thus, the district court erred when it dismissed for lack of jurisdiction.

It may turn out that the Burkes' motion is barred under the law-of-the-case doctrine. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (per curiam). But that issue implicates the merits of their motion, not the district court's jurisdiction to consider that motion. We cannot address the merits because "[w]ere we to range beyond the jurisdictional issue here and reject [the Burkes'] claim on the merits, we would, in effect, be directing a dismissal with prejudice—and thereby altering the district court's judgment." *In re Breland*, 989 F.3d 919, 923 (11th Cir. 2021) (emphasis omitted). "That, we cannot do." *Id.*[2]

## II

Judge Marra did not abuse his discretion in declining to recuse because the Burkes improperly requested recusal for the first time in a motion for reconsideration.[3] A party may not use a motion to reconsider to "raise [an] argument or present evidence that could have been raised prior to the entry of judgment."

---

[2] The Burkes abandoned their challenge to the denial of their motion to reconsider intervention by failing to present any argument about reconsideration in their opening brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

[3] We review for abuse of discretion a judge's decision not to recuse under 28 U.S.C. § 455. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

*Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Additionally, the Burkes' argument for recusal was based on Judge Marra's adverse ruling on their motion to intervene, and "[o]rdinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam); *see also In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008) (per curiam) ("Adverse rulings are grounds for appeal but rarely are grounds for recusal."); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal.").

The district court's dismissal of the Burkes' renewed motion for intervention is **VACATED**.

The district court's denial of the Burkes' motion for recusal is **AFFIRMED**.