[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12227
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20767-JLK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWRENCE S. DURAN,

Defendant,

CARMEN DURAN,

Claimant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 29, 2012)

Before PRYOR, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

The issue presented is whether a district court has the authority, under the

Fair Debt Collection Practices Act, to determine under state law the ownership

interests in property against which the United States has obtained a writ of execution to collect a judgment of restitution in a criminal action. The United States obtained a judgment for restitution of more than $85 million against Lawrence Duran for crimes that he committed in a conspiracy to defraud Medicare. After the United States obtained a writ of execution against an apartment that, according to property records, was owned jointly by Lawrence and his former wife, Carmen Duran, she moved to dissolve or stay the writ on the ground that she had acquired sole title to the property as part of their divorce settlement several months before his prosecution. The district court denied the motion without prejudice on the ground that it lacked "jurisdiction to make findings with respect to Duran's divorce proceedings and corresponding property dispute." Carmen argues, and the United States concedes, that the district court erred in refusing to adjudicate her motion. Because the Act provides that the United States may levy only "property in which [a] judgment debtor has a substantial nonexempt interest," 28 U.S.C. § 3203(a), the district court erred in refusing to adjudicate Carmen's motion. We vacate the order that denied Carmen's motion and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In May 2011, Lawrence Duran pleaded guilty to 38 crimes related to his role in a conspiracy to defraud Medicare. The district court sentenced Lawrence to 50

years of imprisonment, followed by three years of supervised release. The district court also entered a judgment against Lawrence and in favor of the United States for $87,533,863.46 in restitution.

On October 19, 2011, the United States applied, under the Fair Debt Collection Practices Act, for a writ of execution against an apartment to collect the judgment of restitution against Lawrence. See id. § 3203(c)(1). The United States alleged that Lawrence had "possession, custody, or control" and "a substantial nonexempt interest" in an apartment in New York City. The United States stated in its certificate of service that it had "filed the [application] with the Clerk of the Court" and that the application was "being served . . . by CM/ECF." Carmen was not served a copy of the application.

That same day, the Clerk of the district court granted the application of the United States, and the Clerk issued a writ of execution. The writ ordered the United States Marshal to satisfy the judgment of restitution against Lawrence by "levying on and selling" the apartment.

On November 17, 2011, Carmen Duran moved to dissolve or stay the writ of execution. Carmen argued that she was an "innocent owner" of the apartment, and she requested an evidentiary hearing "on the critical issues of [her] legitimate ownership of the apartment in question, the pertinent concerns of notice and due process under Florida Law and [Federal Rule of Civil Procedure] 69, and [her]

complete independence from [Lawrence], her former spouse." Carmen alleged that she had divorced Lawrence in June 2010; Lawrence had agreed as part of the divorce settlement to transfer his interest in the apartment to Carmen; in July 2010, Lawrence had executed a deed that conveyed his interest in the apartment to Carmen; and she had "retained counsel to properly record the deed in New York." Carmen attached to her motion copies of the deed to the apartment, correspondence between attorneys in Florida and New York about recording the deed, the judgment of divorce, the divorce settlement agreement, and a financial affidavit executed by Lawrence.

The United States opposed Carmen's motion to dissolve. The United States "[did] not dispute that Carmen Duran [was] entitled to recover one-half of the net proceeds from the sale of the [apartment] since she was the one-half owner of the property" when the United States recorded its lien. But the United States argued that its lien had priority over Carmen's unrecorded claim to sole ownership of the apartment. See 28 U.S.C. § 3203(b). The United States attached to its response a copy of its judgment lien and the deed it had found in the property records of New York, which stated that the apartment was owned jointly by Carmen and Lawrence.

Carmen replied that the United States could not levy the apartment to satisfy Lawrence's debt because he lacked any ownership interest in the apartment.

Carmen alleged that she owned the apartment and that she had been unaware that her divorce attorney had failed to record the deed. Carmen attached to her reply an affidavit of her divorce attorney, which stated that he had attempted to file the deed, had mistakenly omitted a required tax return, and had later "chose[n] not to complete the recording of the deed" because the United States had filed criminal charges against Lawrence. Carmen also attached to the reply her affidavit, which explained how she was the lawful owner of the apartment.

The district court denied Carmen's motion "without prejudice to re-file in a court with jurisdiction." The district court ruled that it lacked "jurisdiction to make findings with respect to [Carmen's] divorce proceedings and corresponding property dispute." Carmen filed this appeal.

## II.  STANDARD OF REVIEW

"Our review of a district court's determination of subject matter jurisdiction as well as statutory interpretation is de novo." United States v. Rendon, 354 F.3d 1320, 1324 (11th Cir. 2003).

## III.  DISCUSSION

The Fair Debt Collection Practices Act "provides 'the exclusive civil procedures for the United States' to obtain satisfaction of a judgment in a criminal proceeding that imposes a 'fine, assessment, penalty, [or] restitution' in favor of the United States." United States v. Bradley, 644 F.3d 1213, 1309 (11th Cir. 2011)

(quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B), 3002(8)).  The Act provides the United States several remedies to satisfy a judgment, one of which is to obtain a writ of execution.  28 U.S.C. §§ 3202(a), 3203.  Under section 3203(a), the United States may levy "[a]ll property in which the judgment debtor has a substantial nonexempt interest."

The Act limits the authority of the United States to levy against jointly-owned property.  The United States may levy "property which is co-owned by a debtor and any other person only to the extent allowed by the law of the State where the property is located."  Id. § 3010(a).  With regard to levying against property under a writ of execution, "[c]o-owned property [is] subject to execution [only] to the extent such property is subject to execution under the law of the State in which it is located."  Id. § 3203(a).

The Act provides that co-owners and other persons interested in the property have rights to receive notice of and to challenge the levy.  The United States must provide notice that the property "is being taken by the United States Government," id. § 3202(b), and the United States must serve a copy of the notice and its application for the writ of execution "on each person whom the United States, after diligent inquiry, has reasonable cause to believe has an interest in property to which the remedy is directed," id. § 3202(c).  And after the district court issues the writ, "[t]he court may . . . [on] the motion of any interested person, and after such

6

notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any" remedy available to the United States. Id. § 3013.

The Act obliges a district court to adjudicate any contested ownership interests in property subject to a writ of execution. The Act provides that the United States may levy only property in which a judgment debtor has a "substantial nonexempt interest." Id. § 3203(a). To that end, the district court must determine whether the debtor has any ownership interests in the property, and the district court must determine the ownership interests of any person who moves to dissolve or modify any writ.

Two sister circuits also have interpreted the Act to allow nonparties to participate in these proceedings to adjudicate their interests in the property under state law. In United States v. Kollintzas, 501 F.3d 796 (7th Cir. 2007), the Seventh Circuit explained that "[t]he FDCPA's third-party notice requirement and the provision regarding jointly owned property together imply that nonparties with an interest in the targeted property may participate in the collection proceedings for the purpose of asserting their interest in the property." Id. at 801. And the court determined that "the government's liens were perfected and the garnishment proceedings commenced before [the debtor's spouse had] filed for divorce." Id. at 803; see also United States v. Rogan, 639 F.3d 1106, 1107–09 (7th Cir. 2011)

7

(vacating an order that granted a writ of garnishment obtained by the United States priority over creditors' claims to collect from a housing business under state law). And in United States v. Coluccio, 51 F.3d 337 (2d Cir. 1995), the Second Circuit allowed the mother of a defendant to challenge the right of the United States to seize a cost bond that the mother had posted on her son's behalf. Id. at 339–42. The Second Circuit remanded the case to the district court to determine, under state law, whether the mother was the beneficiary of a constructive trust on the cost bond. Id. at 342.

The district court erred when it refused to adjudicate Carmen's motion to dissolve or stay the writ of execution. Because the district court had a duty to determine what, if any, "substantial nonexempt interest" Lawrence held in the apartment, 28 U.S.C. §§ 3203(a), 3013, when the United States levied against the property, id. § 3203(b), we vacate the order that denied Carmen's motion. On remand, the district court must determine the respective ownership interests, if any, of Carmen and Lawrence in the apartment when the United States obtained the writ of execution and whether Lawrence had a "substantial nonexempt interest" in the apartment that the United States could levy.

## IV. CONCLUSION

8

We **VACATE** the order that denied Carmen's motion to dissolve, and we **REMAND** for the district court to conduct further proceedings consistent with this opinion.