[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14879
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20717-RNS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Alberto Gomez, a federal prisoner proceeding pro se, appeals the district court's order overruling his objections to the writ of execution against his property and denying his request for a hearing. On appeal, Gomez contends he is entitled to a hearing pursuant to 28 U.S.C. § 3202(d). After review,[1] we reverse and remand for further proceedings consistent with this opinion.

"The [FDCPA] provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, [or] restitution in favor of the United States." *United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012) (quotation marks omitted) (alteration in original). The FDCPA permits the government to satisfy a judgment by obtaining a writ of execution and levying on all property in which the debtor has a "substantial nonexempt interest." *Id.* (citing 28 U.S.C. §§ 3202(a), 3203). The debtor may request a hearing within 20 days of receiving notice of the writ of execution, and if he does, the court that issued the writ "shall hold a hearing on such motion." 28 U.S.C. § 3202(d).

---

[1] We review de novo issues of statutory interpretation, including the requirements of the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001 *et seq. United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015) (per curiam).

2

The statute further provides the "issues at such hearing shall be limited" to enumerated topics including the probable validity of any claim for exemption by the judgment debtor and whether the Government has complied with statutory notice requirements. *Id.* The district court denied Gomez's request for a hearing, reasoning that neither of those matters is at issue in the case given Gomez's failure to claim an exemption. But the verb "shall" in a statute is a command, which creates an obligation not subject to judicial discretion. *Peters*, 783 F.3d at 1364. Here, the district court erred in denying Gomez's request for a hearing because the statutory language mandates a hearing on a writ of execution when requested within 20 days, and pursuant to Gomez's affidavit, his request for a hearing was timely. *See* 28 U.S.C. § 3202(d); *Peters*, 783 F.3d at 1364. The fact that Gomez had not yet claimed an exemption ought not to have foreclosed his ability to make such a claim at a hearing. Accordingly, we vacate and remand with instructions for the district court to hold a hearing as timely requested by Gomez.

**VACATED AND REMANDED.**