[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12661
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00088-CG-B-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

XIULU RUAN,

Defendant,

LING CUI,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 11, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Ling Cui appeals the denial of her motion to intervene in criminal proceedings against her ex-husband, Xiulu Ruan. Cui asked to join the criminal action so she could seek reconsideration of the district court's prior order voiding the division of property set forth in Ruan and Cui's divorce decree as a fraudulent transfer of property pursuant to 28 U.S.C. § 3306(a). After careful review, we dismiss Cui's appeal.

## I.

In April 2016, Ruan was charged with 17 counts involving racketeering and drug conspiracy in connection with the operation of a pain clinic. On February 23, 2017, a jury convicted him on 15 counts. The district court entered orders of forfeiture against Ruan and the government noticed its intention to proceed with the forfeiture of properties identified in the indictment. On April 20, 2017, Cui timely filed a third-party petition claiming a 50% interest in the forfeited property based on a state court divorce decree. The district court granted the government's motion to dismiss the petition because Cui failed to allege sufficient facts to state a claim to the forfeited assets in which she asserted an interest.

On May 26, 2017, Ruan was sentenced to 252 months imprisonment and ordered to pay $15,239,369.93 in restitution as well as a $1,500 special assessment. In May 2018, the government filed an ex parte application for a restraining order enjoining Ruan and Cui from transferring assets pursuant to their December 2017

2

divorce agreement.  The government argued that the transfer of properties under that agreement was fraudulent and made with the intent to hinder the satisfaction of Ruan's restitution obligations.  The district court granted the government's application and enjoined Ruan and Cui from disposing of or transferring the property without court approval.  The government then applied for an ex parte writ of execution to seize real properties to satisfy the restitution order.  The court granted the application, directed the issuance of a writ of execution, and ordered that the properties be levied.

On November 19, 2018, the district court voided the transfer of property from Ruan to Cui in their divorce decree as well as the related quitclaim deeds. The district court observed that Ruan and Cui's divorce had been pending for six years before the entry of a restitution order against Ruan, at which point Ruan agreed to transfer the majority of his assets to Cui.  It found that Ruan had transferred the properties with the intent to hinder, delay, or defraud pursuant to 28 U.S.C. § 3304(b) and voided the transfer.   Ruan's objection, the government's response, and the district court order were all served on Cui's attorney electronically.

Nearly six months later, on May 10, 2019, Cui moved to intervene as a defendant pursuant to Federal Rule of Civil Procedure 24.  She argued that intervention was necessary to allow her to contest the order voiding the transfer of

property or, in the alternative, to request that the district court enforce the state court divorce order awarding her 50% of the marital property. Without analysis or elaboration, she also requested to be joined as a party pursuant to Federal Rule of Civil Procedure 19. The district court denied the motion on the ground that the criminal forfeiture statute bars third parties from intervening in forfeiture proceedings. The court observed that the proper mechanism for asserting a claim to the forfeited property would have been for Cui to file a petition seeking a determination of her right to the property in an ancillary proceeding, which she did not do. The district court held that even if Cui were permitted to intervene, her motion was untimely. Cui had notice of every step of the proceedings and yet waited until almost six months after the divorce decree had been set aside to seek to intervene. Finally, the court said it was not persuaded that there was any merit to Cui's arguments challenging the prior order voiding the transfer of property in the divorce decree. Cui appealed.

## II.

We review <u>de novo</u> the denial of a Rule 24(a) motion to intervene as of right and review the subsidiary factual findings for clear error. <u>Fox v. Tyson Foods, Inc.</u>, 519 F.3d 1298, 1301 (11th Cir. 2008). We review for abuse of discretion the denial of a Rule 24(b) motion for permissive intervention. <u>Id.</u> Although orders denying motions to intervene are not final, we have provisional jurisdiction to determine

4

whether the district court properly denied intervention.  Id. (quotation marks omitted).  Once we determine that the district court properly denied the motion to intervene, our jurisdiction "evaporates" and we must dismiss the appeal.  United States v. Couch, 906 F.3d 1223, 1225 (11th Cir. 2018) (quotation marks omitted).

## III.

The District Court did not err in denying Cui's motion to intervene in the proceedings against Ruan.  If Cui wanted to adjudicate her ownership interest in the transferred property, the proper means for doing so are established by the Fair Debt Collection Practices Act ("FDCPA").  And even if Cui were entitled to intervene, her motion was untimely.

The Federal Rules of Criminal Procedure do not provide for a non-party to intervene in a criminal proceeding.  See United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007).  Absent a procedural mechanism for intervention, we analyze the participatory rights of non-parties to criminal proceedings in light of the statutes governing those proceedings.  See Couch, 906 F.3d at 1228 (dismissing appeal of the denial of a motion on the grounds that it was prohibited by the applicable criminal forfeiture statute).  Relevant to Cui's appeal, the FDCPA "provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution in favor of the United States."  United States v. Duran, 701 F.3d 912,

5

915 (11th Cir. 2012) (per curiam) (alteration adopted and quotation marks omitted). Under the FDCPA, the United States may satisfy a judgment by levying "[a]ll property" in which the judgment debtor has a "substantial nonexempt interest." 28 U.S.C. §§ 3202(a), 3203(a). The FDCPA permits the United States to proceed against property jointly owned by the judgment debtor "to the extent allowed by the law of the State where the property is located." Id. § 3010(a).

While the FDCPA provides certain procedural protections to co-owners and other persons interested in property the government seeks to levy, it does not provide for intervention by non-parties. Instead, the FDCPA "provides that co-owners and other persons interested in the property have rights to receive notice of and to challenge the levy." Duran, 701 F.3d at 915; see 28 U.S.C. § 3202. To mount such a challenge, interested parties may seek an order from the district court "denying, limiting, conditioning, regulating, extending, or modifying the use of" any remedy available to the United States. See 28 U.S.C. § 3013. The district court must then adjudicate any contested ownership interest in properties subject to a writ of execution. Duran, 701 F.3d at 915.

Cui has not argued that the government failed to comply with the FDCPA's requirements for seeking execution against the properties in which she claims an interest. Cui also does not contest that she failed to take the steps required by the FDCPA to challenge the writ of execution despite adequate prior notice. Indeed,

6

the record reveals that she was properly served with notice of the government's intent to seek a writ of execution in September 2018. She was also served with the writ of execution and notice of her right to file an objection to or request a hearing regarding the writ. Yet despite receiving these notices, Cui failed to take any further steps to assert her interest in the properties. Having failed to exercise her rights under the FDCPA, Cui points to no statute or legal precedent authorizing her to instead assert her rights as an intervenor under Federal Rule of Civil Procedure 24.

Even if such intervention were authorized, the District Court did not err in denying her motion as untimely. To evaluate the timeliness of a Rule 24 motion, this Court considers (1) the length of time during which the moving party reasonably should have known of her interest in the case; (2) the extent of the prejudice to existing parties to the litigation resulting from the failure to promptly intervene; (3) the extent of the prejudice to the moving party if intervention is denied; and (4) the existence of unusual circumstances. Meek v. Metro. Dade County, 985 F.2d 1471, 1478–79 (11th Cir 1993) (quotation marks omitted), abrogated on other grounds by Dillard v. Chilton County Comm'n, 495 F.3d 1324 (11th Cir. 2007) (per curiam). Untimely motions to intervene must be denied. NAACP v. New York, 413 U.S. 345, 365, 93 S. Ct. 2591, 2603 (1973).

7

All four timeliness factors weigh against Cui.  First, Cui received notice of the government's intent to levy the properties in which she asserts an interest in May 2018, a year before she sought to intervene.  Despite this, Cui waited to take action while the District Court took a number of significant steps relevant to her asserted property interest, including addressing Ruan's own objections to the writ of execution, voiding the property division in Ruan and Cui's divorce agreement, and appointing a receiver to sell the properties.  Cui's delay was unreasonable.  Cf. Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1259–60 (11th Cir. 2002) (finding six-month delay reasonable in light of the lack of significant action in the case in which the moving party sought to intervene).  Second, Cui's late intervention would likely delay the government's ongoing efforts to collect and distribute restitution owed to the victims of Ruan's crime.  See 18 U.S.C. § 3771(a)(6) (providing that crime victims have the right to "full and timely restitution as provided in law").  Third, Cui was not prejudiced by the denial of her motion because, at the time she filed it, the district court had already addressed the validity of the property division in its order voiding the divorce agreement's property transfer provisions.  In denying her motion to intervene, the district court stated that it was "not persuaded" that reconsideration of that earlier order was warranted.  Finally, no unusual circumstances militate against a finding of untimeliness.  To the contrary, the fact that Cui has received notice of every

8

relevant stage of the proceedings against her property and failed to exercise her rights under the FDCPA weighs heavily against finding her attempt to intervene timely.

The district court neither erred nor abused its discretion in denying Cui's motion to intervene. This means our jurisdiction over this issue evaporates and we must dismiss this portion of the appeal.

**IV.**

Cui also argues that the district court abused its discretion in failing to address her motion to be joined as a defendant pursuant to Rule 19. Cui failed to preserve this issue for appeal. To preserve an issue for appeal, a litigant must clearly present the issue such that the district court would not misunderstand it. United States v. Corbett, 921 F.3d 1032, 1043 (11th Cir. 2019). A party fails to preserve an issue where its statement to the district court is unclear as to its legal basis or the factual predicates for the issue were presented under a different legal theory. Id.

Here, Cui requested Rule 19 joinder in two sentences at the end of her motion. She provided no analysis and simply incorporated her arguments for intervention by reference. Her brief neither stated the legal requirements for joinder nor discussed how she meets those requirements. This was insufficient to

preserve the issue for our review.  We therefore decline to address her argument that she should have been joined under Rule 19.

**APPEAL DISMISSED.**